[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11207

_____

D.C. Docket No. 8:14-cr-00164-SDM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID BROCK LOVELACE,
TERRI L. SCHNEIDER,

Defendants - Appellants.

_____

No. 17-11028

_____

D.C. Docket No. 8:14-cr-00164-SDM-AAS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRI L. SCHNEIDER,

Defendant – Appellant.

_____

No. 17-11059
_____

D.C. Docket No. 8:14-cr-00164-SDM-AAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID BROCK LOVELACE,

Defendant - Appellant.
_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 13, 2018)

Before TJOFLAT, ROSENBAUM and BRANCH, Circuit Judges.

TJOFLAT, Circuit Judge:

This is a Medicare fraud case involving the use of appropriated physician Medicare identification numbers to bill for services not rendered, among other violations. In March 2015, a federal grand jury in the Middle District of Florida returned a 41-count superseding indictment against Lovelace, Schneider, and a co-defendant, Illya Jackson, with various healthcare fraud and money laundering

2

violations.   Following trial, a jury found Lovelace and Schneider[1] guilty on all counts.   The District Court sentenced Lovelace and Schneider to substantial terms of imprisonment.[2]  The issues on appeal are as follows:

Lovelace: (1) Whether the District court erred in denying Appellant's pre-trial motion to dismiss the indictment; (2) whether the Court erred in denying Appellant's pre-trial motion to suppress; and (3) whether the Court erred in denying Appellant's motion for a new trial.

Schneider: (1) Whether the evidence was sufficient to convict on Counts 20, 21, and 22; (2) whether the District Court abused its discretion in denying Appellant's motion for new trial based on newly discovered evidence; and (3) whether the Court committed plain error in failing to *sua sponte* correct the prosecutor's rebuttal suggesting that Appellant's counsel was trying to "deceive" the jury.

We find no merit in any of Lovelace's issues and therefore AFFIRM his convictions.  We find no merit Schneider's issues except for her first issue.  We therefore AFFIRM her convictions with the exception of her convictions on Counts

---

[1] Defendant Jackson pleaded guilty to Count 41, making a false bankruptcy declaration in violation of 18 U.S.C. § 152(3), before trial.

[2] The District Court sentenced Lovelace to a total of 174 months' imprisonment, consisting of 150 months on each of Counts 1–19 and 30–37, and 24 months for Count 40, sentences to run consecutively.  Schneider was sentenced to 94 months' imprisonment, consisting of 70 months' on each of Counts 1–9, 20–30, and 38, and 24 months for Count 39, sentences to run consecutively.

20, 21, and 22, which we REVERSE.  In light of these reversals, we remand her case for RESENTENCING on all remaining counts.

SO ORDERED.